IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-249-FL

| | |
|---|---|
| EDYTA HANNA BASISTA and AMY HENDRICKS PALACIOS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| Defendants sued in their official and individual capacities: SENATOR SYDNEY BATCH; JUDGE CHRISTY E. WILHELM; JUDGE NATHANIEL M. KNUST; MAGISTRATE PHILLIP POWE; OFFICER TYLER BURNS; OFFICER TRYSTAN JORDAN; JUDGE JULIE L. BELL; JUDGE PAUL C. PITTMAN; JUDGE VINSTON ROZIER; JUDGE GEORGE R. HICKS III; JUDGE MARGARET P. EAGLES; FORMER JUDGE DONNA HEDGEPETH JOHNSON; JOHN DOE (as NCDHHS Enforcement Officer), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) MEMORANDUM OPINION |
| Defendants sued in their individual capacities only: ATTORNEY HERBERT J. WHITE; MATTHEW BLEDSOE; BRAD URBAN; ATTORNEY EVONNE S. HOPKINS; DR. LINDA NORRIS; DR. CYNTHIA SORTISIO; ATTRORNEY JOHN T. CROOK; ATTORNEY ROBERT SHIELDS; KAREN SWINEHART; ATTORNEY MEREDITH S. NICHOLSON; ATTORNEY KRISTIN RUTH; ATTORNEY RANDELL HASTINGS; STEPHEN MARINO; JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

This matter, wherein plaintiffs seek relief for alleged violations of various constitutional rights by defendants relating to state court family law proceedings, came before the court on plaintiffs' motion for "temporary restraining order, protective order and sanctions due to retaliatory state court conduct." (DE 125). In the main, plaintiffs sought to stop state court hearings set for July 22, 2025, from occurring. More particularly, plaintiffs allege that two state judges and two attorneys, named as defendants in this case, set hearings involving plaintiff Amy Hendricks Palacios ("Palacios") in two different counties at the same time, which plaintiffs allege is part of a scheme to retaliate for the instant lawsuit and to entrap plaintiffs into contempt and default. (See generally Mot. PI (DE 125)). Plaintiffs asked the court to enjoin hearing, bar any adverse inference from plaintiffs' inability to attend simultaneously scheduled hearings, order defendants to "cease retaliatory conduct" during the pendency of this action, and sanction defendants under Rule 11. (Mot. PI at 13–14).

The court summarily denied the motion in July 21, 2025, order. The court explains its reasoning here. Plaintiffs' requests were barred on their merits by the abstention doctrine summarized in Younger v. Harris, 401 U.S. 37, 43–44, 54 (1971). Younger abstention is an exception to the normal rule that federal courts must decide cases within their jurisdiction. See Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (citing Younger, 401 U.S. 37). The doctrine demands that federal courts refrain from intervention in pending state proceedings. See Thomas, 855 F.3d at 285. And this court lacks authority to impose sanctions for conduct occurring in state court. Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 157 n.20 (4th Cir. 2002). Plaintiff's ancillary requests necessarily must fail. For these reasons, plaintiff's motion was DENIED.

This the 24th day of July, 2025.

 

_____
LOUISE W. FLANAGAN
United States District Judge