IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-249-FL

| | | |
|---|---|---|
| EDYTA HANNA BASISTA and AMY HENDRICKS PALACIOS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Defendants sued in their official and individual capacities: | ) ) | ORDER |
| SENATOR SYDNEY BATCH; JUDGE CHRISTY E. WILHELM; JUDGE NATHANIEL M. KNUST; MAGISTRATE PHILLIP POWE; OFFICER TYLER BURNS; OFFICER TRYSTAN JORDAN; JUDGE JULIE L. BELL; JUDGE PAUL C. PITTMAN; JUDGE VINSTON ROZIER; JUDGE GEORGE R. HICKS III; JUDGE MARGARET P. EAGLES; FORMER JUDGE DONNA HEDGEPETH JOHNSON; JOHN DOE (as NCDHHS Enforcement Officer), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants sued in their individual capacities only: | ) ) ) | |
| ATTORNEY HERBERT J. WHITE; MATTHEW BLEDSOE; BRAD URBAN; ATTORNEY EVONNE S. HOPKINS; DR. LINDA NORRIS; DR. CYNTHIA SORTISIO; ATTORNEY JOHN T. CROOK; ATTORNEY ROBERT SHIELDS; KAREN SWINEHART; ATTORNEY MEREDITH S. NICHOLSON; ATTORNEY KRISTIN RUTH; ATTORNEY RANDELL HASTINGS; STEPHEN MARINO; JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter, initiated by complaint filed May 9, 2025, is before the court on plaintiff Edyta Hanna Basista's ("Basista") motions to seal (DE 63, 99) and plaintiffs' motion to deem their amended complaint timely (DE 69). It also comes before the court on discovery related motions filed by plaintiff Basista including for subpoenas (DE 163, 179), and to compel (DE 173), some with incorporated motions to seal. There are ten other motions variously filed by plaintiffs remaining to be decided, and at present a total of nine motions to dismiss pending.

## BACKGROUND

Abbreviated factual and procedural background is presented merely for context where no motion addressed here bears on case merits. Plaintiffs, proceeding pro se, filed this suit under 42 U.S.C. § 1983 on May 9, 2025. Broadly, plaintiffs seek relief for alleged violations of various constitutional rights by defendants relating to state family court proceedings.

Plaintiffs filed motion to deem their amended complaint timely June 17, 2025, which no party opposes. The amended complaint changes only the spelling of one defendant's name. The standalone motions to seal exhibits to other motions also before this court respectively were filed June 13 and July 7, 2025, to which no response has been received.

Motion for issuance of a subpoena, seeking U.S. Department of State documents related to passport applications for offspring of plaintiff Basista, was filed August 1, 2025. There has been no response to that motion. Motion seeking issuance of subpoenas to the Cary and Raleigh police departments was filed August 20, 2025, and, to date, no response has been made.

Motion to compel defendant Stephen Marino's ("Marino") financial records, among other things, was filed by plaintiff Basista August 8, 2025. To date, no response has been made to that motion, either.

## COURT'S DISCUSSION

The court addresses plaintiffs' motions now before it in turn, beginning with motion to deem their amended complaint timely.

A.    Plaintiffs' Motion to Deem Amended Complaint Timely (DE 69)

Plaintiffs ask the court to deem timely their amended complaint. Under the Federal Rules of Civil Procedure, a party may amend a complaint once as a matter of right within 21 days of service, or within 21 days of service of a responsive pleading, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Here, plaintiffs filed their original complaint on May 9, 2025, and their amended complaint on May 30, 2025, exactly 21 days later, and without any intervening response from any defendant. Their amended complaint was therefore timely, notwithstanding a technical deficiency which required plaintiffs to refile on June 4, 2025. This motion is ALLOWED.

B.    Plaintiff Basista's Discovery Motions (DE 163, 173, 179)

Plaintiff Basista has filed a motion for issuance of subpoena to the U.S. Department of State concerning her children's passports (DE 163), and a motion to compel defendant Marino to produce certain records (DE 173), each with an incorporated motion to seal an exhibit. She also just filed a motion for issuance of subpoenas to the Cary and Raleigh police departments to produce numerous forms of documentation concerning her arrests from 2020 to 2025 (DE 179). The court takes these up in turn below.

1.    Plaintiff Basista's motion for issuance of a subpoena to the U.S. Department of State seeks records of passport applications for her children, and a variety of U.S. Department of State forms and internal correspondence related thereto (DE 162-1), under provisional seal, all before the convening of a conference pursuant to Federal Rule of Civil Procedure 26(f). This request, under circumstances presented, is untimely and therefore DENIED, without prejudice.

3

Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]").

      a.    The incorporated motion to seal is directed towards that part of the subpoena which memorializes scope of the production, exhibit A thereto, listing 11 document requests of varying nature such as the U.S. Department of State forms and internal correspondence. Exhibit A (DE 162-1) includes full names of minor children and other arguably sensitive information. The motion to seal is ALLOWED and the exhibit at issue (DE 162-1) will be maintained by the clerk under seal.

      2.    Plaintiff Basista also advances motion for issuance of subpoenas to the Cary and Raleigh police departments requiring production documentation concerning her arrests from 2020 through 2025, including incident reports, internal records, and related materials. This motion also is untimely for reason noted above, and for the same reasons it is DENIED, without prejudice.

      3.    Plaintiff Basista's motion wherein she seeks this court to compel production of documents, including defendant Marino's 1) tax transcripts; 2) bank and credit union account information; 3) retirement account information; 4) attorney billing records; and 5) income records, compel, of or relating to alleged misrepresentations in state proceedings, is meritless. It is DENIED for deficiencies noted below.

      There has been no request for production, to which this defendant has failed to respond, yet plaintiff relies on Federal Rule of Civil Procedure 37. This rule offers plaintiff Basista no support. Moreover, another deficiency relates to the fact that again she seeks discovery before the convening of a Federal Rule of Civil Procedure 26(f) conference, see Fed. R. Civ. P. 26(d)(1).

      Despite her protestation to the contrary, this motion on its face appears to be an attempt to relitigate state proceedings. In this case plaintiff seeks to obtain information it appears plaintiff

4

could not acquire in Wake County District Court or acquired but doubts to be accurate, with reference to exhibits A though F.

The filing also purports to promote, in graphic detail, that some fraud was worked upon plaintiff Basista of or relating to cessation of her parental rights in state court. She seeks to ignite her claim here by demanding this court make findings of fact as to stated wrongdoings in state court, offering no basis for this court's authority so to do, where in exhibit F, plaintiff Basista extends the motion further requesting the court hold defendant Marino in contempt based on conduct before the Wake County District Court, immediately restore plaintiff Basista's parental rights, and refer the underlying parental rights dispute for investigation of federal crimes and attorney misconduct. None of this is the stuff of a motion to compel. For these many reasons, her motion fails.

a.    Plaintiff Basista's incorporated motion to seal is directed only towards exhibit F to her motion to compel, titled "Notice of Fraud on the Court" (DE 172), together with its attachment. Her request is rooted in references made to proceedings in Wake County District Court concerning termination of her parental rights. The court finds cause to SEAL exhibit F based on its inherent authority to manage its docket. See, e.g., Dietz v. Bouldin, 579 U.S. 40, 47 (2016); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) (inherent authority permits court to restrict access to filings made for improper purposes). Exhibit F additionally is STRUCK from the record, where plaintiff's compendium of ascribed feelings about her treatment in Wake County District Court and requests for action by this court is grossly misplaced in the context of a discovery motion. Where of its own initiative the court has sealed exhibit F (DE 172), and struck it from any reference, her motion to seal is TERMINATED as MOOT.

5

However, before moving on, the court notes other exhibits to the motion to compel contain sensitive personal financial records, such as defendant Marino's banking and retirement account information, and statement of his business's profits and losses for a period of time. The court, again of its own initiative, directs the clerk now to place the docket entries 173-2 through 173-5, under SEAL, these being referenced by plaintiff Basista as exhibits B through E to her motion to compel.

C. Plaintiff Basista's Motions to Seal (DE 63, 99)

The court takes the standalone motions to seal in turn.

1. Plaintiff Basista requests sealing of exhibits A, B, and D (DE 47-1, 2, 4) to her Emergency Supplemental Motion for Partial Preliminary Injunction in her motion to seal (DE 63). The three referenced exhibits contain the full names of minor children. This motion is ALLOWED, and seal shall remain in effect with respect to these docket entries.

2. Plaintiff Basista requests similar relief for exhibits C-K to another motion, that is her one entitled "Motion for Sanctions and Constitutional Findings Against Defendant Senator Sydney J. Batch for Retaliation Under Color of Law" (DE 99). Only one of these documents contains the names of minor children and, indeed, the other exhibits are all publicly available judicial documents that already refer to any minor children only by initials, or which necessarily are redacted. This motion is ALLOWED insofar as it seeks to maintain under seal exhibit D (DE 98-1),[1] and DENIED insofar as it requests sealing of the other exhibits. Where provisionally

---

[1] This exhibit is a compilation of communications between plaintiffs and their respective husbands and children about matters such as holidays, financial contributions, and the children's schooling and medical care.

6

sealed pending decision, the court now UNSEALS exhibits C and E through K (DE 98, 98-2, 3, 4, 5, 6, 7, 8).[2]

## CONCLUSION

For the foregoing reasons:

1.    Plaintiffs' motion to deem their amended complaint timely filed (DE 69) is ALLOWED.

2.    Plaintiff Basista's motion for issuance of subpoena to the U.S. Department of State (DE 163) is DENIED, without prejudice. Incorporated motion to seal exhibit A thereto (DE 162-1) is ALLOWED, and that exhibit will be maintained under seal.

3.    Plaintiff Basista's motion for issuance of subpoenas to the Cary and Raleigh police departments (DE 179) is DENIED, without prejudice.

4.    Plaintiff Basista's motion to compel (DE 173) is DENIED. Incorporated motion to seal exhibit F thereto (DE 172) is TERMINATED as MOOT. Exhibit F (DE 172), however, is SEALED by the court of its own initiative, and so will be maintained; additionally, it is STRUCK from any reference. The court, also of its own initiative, SEALS exhibits B through E (DE 173-2, 3, 4, 5).

5.    Plaintiff Basista's motion to seal (DE 63) is ALLOWED, and the clerk is DIRECTED to maintain under seal exhibits A, B, and D (DE 47-1, 2, 4) to plaintiff's Emergency Supplemental Motion for Partial Preliminary Injunction.

6.    Plaintiff Basista's motion to seal (DE 99) is ALLOWED insofar as it is directed towards exhibit D (DE 98-1) to plaintiffs' Motion for Constitutional Findings Against Senator

---

[2]    There is some variation to the docketing here. Exhibit C makes up the face of this filing (DE 98), and the clerk has treated exhibits E through K as exhibits thereto (DE 98-2, 3, 4, 5, 6, 7, 8). Exhibits A and B, not subject to the motion to seal, are docketed as exhibits directly to the underlying motion (DE 97-1, 2).

Sydney J. Batch for Retaliation under Color of Law.  The motion otherwise is DENIED, and the court UNSEALS exhibits C and E through K (DE 98, 98-2, 3, 4, 5, 6, 7, 8).

SO ORDERED, this the 25th day of August, 2025.

LOUISE W. FLANAGAN
United States District Judge